Dewey, J.
Assumpsit for work and labour. The defendant pleaded the general issue, and the statutory plea of payment and set-off alleging that the plaintiff had executed certain notes to one Fullender, who indorsed them to the defendant. The plaintiff filed three replications to the special plea: 1, That the plaintiff and defendant were in partnership, and purchased pork of Fullender for the use of the firm; that for a part of the pork so purchased, the notes mentioned in the plea were given; and that the defendant had procured them to be assigned to him by fraud; 2, The same, with an additional averment that the notes had been paid before the fraudulent assignment took place; 3, A traverse of the payment alleged in the plea, with an affidavit appended that the notes were not assigned before the commencement of the suit. The defendant demurred to the first and second replications, and took issue on the third. The Circuit Court overruled the first demurrer, and sustained the second. There was a trial of the issues of fact by the Court. Judgment for the plaintiff.
Although the statute allows several replications to a plea of payment containing matter of set-off, yet if one of several replications to such a plea be good, it is sufficient to sustain the action. Stipp v. The Washington Hall Co., November term, 1840. The finding by the Court in favour of the plaintiff upon the issue joined upon the third replication, consequently, renders it immaterial whether the other replications be good or bad. But the first replication, which was sustained by the Court, to say nothing of'the second, which was overruled, is a good answer to the plea. It alleges fraud in the assignment of the notes which 'the defendant set up by way of set-off It is competent for the maker of a note, or the acceptor of a bill, in an action against him by the indorsee, to *impeach the title of the latter, by showing that he became the holder of the- instrument by fraudulent means. Rees v. Headfort, 2 Campb., 574; Reynolds v. Chettle, Ib., 596; Delauney v. Mitchell, 1 Stark. R., 439; Gill v. Cubitt, 3 B. & C., 466; Talman v. Gibson, 1 Hall, 308. There is no error in the judgment.
J. Pettit, for the plaintiff.
J. A. Liston and H. Cooper, for the defendant.
Per Curiam.—The judgment is affirmed with 5 per cent. damages and costs.