May Term,
1854.

BATES
v.
PRICKET.

*Per Curiam.*—The decree is affirmed with costs.

*E. Dumont*, for the plaintiffs.

*D. Kelso*, for the defendants.

BATES *v.* PRICKET.

Where the assignment of a note is not dated, the presumption is that it was made at the date of the note.

A presumption, like a fact proved, remains available to the party in whose favor it arises, until overcome by opposing evidence.

Monday,
May 22.

APPEAL from the *Grant* Circuit Court.

STUART, J.—Debt on an assigned note. The defendant pleaded the general issue with notice of set-off. The set-off consisted of three notes made by the payee of the note sued upon, and indorsed to the defendant *Pricket*. There was no date to the indorsements.

The only point made below, or in this Court, is, that these notes were not admissible as a set-off unless the defendant proved that they were assigned to him before the commencement of the suit.

The Court below admitted the notes without such proof, and gave judgment for *Bates*, deducting the set-off.

To reverse this judgment the third clause of sec. 204, ch. 40, R. S. 1843, and the case of *Hurd* v. *Earl*, 6 Blackf. 39, are relied upon.

The statutory provision referred to is, " It [the matter of set-off] must have existed at the time of the commencement of the suit, and must then have belonged to the defendant."

The assignments on these notes not being dated, the Court will presume that they were made at the date of the notes. *Ewing* v. *Sills*, 1 Ind. R. 125. The dates of the notes are all prior to the commencement of the suit. The set-off is therefore within the foregoing statutory provision. A presumption, like a fact proved, remains avail-

able to the party in whose favor it arises, until overcome by opposing evidence. *Hurd* v. *Earl, supra,* contains nothing favorable to the plaintiff's view of the case. It rather, on the contrary, goes to show that the proof of fraud, and by analogy, the assignment of the set-off after the commencement of the suit, unless it appear otherwise in the record, as, for instance, by the date of the assignment itself, is devolved on the plaintiff.

Nor do we see any mischief resulting from the rule, which a prompt notice of the assignment to the maker of the note will not obviate.

*Per Curiam.*—The judgment is affirmed with costs.

*A. J. Harlan* and *I. Blackford,* for the appellant.

*J. Brownlee,* for the appellee.