## PITTSBURGH, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY *v.* REED, ADMINISTRATOR.

[No. 5,203. Filed June 27, 1905.]

1. APPEAL AND ERROR.—*Motion to Dismiss.—Precipe.—Statutes.* —Where no record entry is made of the filing of the precipe, but it is inserted in the transcript immediately before the clerk's certificate and such certificate refers to "the above and foregoing precipe," a motion to dismiss the appeal should be overruled, the act of 1903 (Acts 1903, p. 338) being substantially complied with. p. 69.

2. APPEAL AND ERROR.—*Appeal Bonds.*—*Defects.*—A defective appeal bond, given in a term-time appeal, is not a ground for dismissal of such appeal, since if such bond were insufficient it would result in a vacation appeal. p. 69.

3. SAME.—*Dismissal.*—*Appearance.*—Where appellee embodies his motion to dismiss the appeal in his brief upon the merits, his appearance is general, and he waives notice of such appeal. p. 69.

4. PLEADING.—*Demurrer.*—*Joint.*—A demurrer, in form: "Defendant demurs to the plaintiff's complaint, and to each paragraph thereof, and for cause of demurrer says said complaint does not, nor does either paragraph thereof, state facts sufficient to constitute a cause of action," is joint. p. 70.

5. APPEAL AND ERROR.—*Several Assignment.*—A several assignment of errors presents no question on the overruling of a joint demurrer to the paragraphs of a complaint. p. 71.

6. SAME.—*Bill of Exceptions.*—*Statutes.*—The act of 1903 (Acts 1903, p. 338) does not preclude matter from being made part of the record by a bill of exceptions the same as under the prior practice. p. 71.

7. RAILROADS. — *Highway Crossings.* — *"Stop-Look-and-Listen" Rule.*—*Presumptions.*—In the absence of evidence to the contrary, the presumption is that a person, killed by a locomotive at a highway crossing, did "stop, look and listen" for the approaching train, if ordinary care required same. p. 72.

8. STATUTES.—*Railroads.*—*Contributory Negligence.*—The act of 1899 (Acts 1899, p. 58, §359a Burns 1901) making contributory negligence an affirmative defense does not diminish the care required of a traveler at a highway crossing. p. 72.

9. SAME.—*Contributory Negligence.*—*Burden of Proof.*—The burden of proving contributory negligence, under §359a Burns 1901, Acts 1899, p. 58, is on the defendant and so remains throughout the case, the presumption being that the injured person exercised ordinary care. p. 72.

10. TRIAL. — *Instructions.* — *Contributory Negligence.* — An instruction from which the jury might infer that contributory negligence must be proved by defendant's evidence is erroneous. p. 73.

From Jasper Circuit Court; *Charles W. Hanley,* Judge.

Action by William J. Reed as administrator of the estate of John Reed, Sr., deceased, against the Pittsburgh, Cin-

Pittsburgh, etc., R. Co. *v.* Reed—36 Ind. App. 67.

cinnati, Chicago & St. Louis Railway Company. From a judgment on a verdict for plaintiff for $2,500, defendant appeals. *Reversed.*

*George E. Ross,* for appellant.
*Jesse E. Wilson* and *John W. Talbot,* for appellee.

BLACK, J.—In the appellee's printed brief, for the filing of which the time was extended upon the written application of the appellee, there is what purports to be a motion to dismiss the appeal, which was not filed separately, or otherwise than as a portion of the brief on the merits. The suggestions of reasons for the dismissal relate to the

1. precipe for the transcript on appeal, and to the clerk's certificate, and to the appeal bond. There is substantial compliance with the provisions of the statute of March 9, 1903 (Acts 1903, p. 338, §7, §641g Burns 1905), relating to the clerk's certificate and to the precipe, unless the fact that there is no record entry of the filing of the precipe, which the statute says the appellant "may file with the clerk," is a material defect. A written precipe is inserted immediately before the clerk's certificate, which expressly refers, in the language of the statute, to "the above and foregoing precipe." We think there is a substantial compliance with the statute relating to the precipe. What is claimed to be a defect in the appeal bond, given for the purpose of an appeal in term, is suggested

2. as a reason for dismissal. If the bond was not sufficient for the accomplishment of the purpose to take an appeal in term, an appeal in vacation would not thereby be defeated. Having embraced his suggestions for dismissal in his brief upon the merits, the appellee must be

3. treated as having made full appearance, and as having waived notice of the appeal. If the bond was insufficient for the stay of execution, he could take such steps below as he deemed advisable for his protection under such conditions.

The complaint contained four paragraphs, and the court overruled a demurrer thereto which, in the body thereof, was as follows: "The defendant demurs to the plaintiff's complaint, and to each paragraph thereof, and for cause of demurrer says said complaint does not, nor does either paragraph thereof, state facts sufficient to constitute a cause of action." This was a joint demurrer. It was not a demurrer addressed only to the several paragraphs of the complaint separately considered, but was an attack upon the complaint as a whole, and admitted the truth of all the facts therein stated, for the purpose of testing their sufficiency. The cases relating to the forms of demurrers, and distinguishing between those which are joint and those which are several, are not in all respects uniform in their holdings. In the demurrer before us there is no specification of the several paragraphs of the complaint by their numbers, and the demurrer is plainly addressed to the whole complaint, with manifest purpose to attack it as an entirety, though there is also manifest a purpose to attack each paragraph conjointly with the whole pleading; the causes of demurrer stated—an essential part of a demurrer—being directed as such against the whole pleading, as well as against the several paragraphs. The court could not sustain the demurrer, for the causes assigned therein, if upon consideration of the whole complaint any paragraph thereof were deemed sufficient; and the action of the court in overruling the demurrer can not be reviewed under any assignment of error which does not invite a consideration of all the complaint, and could not be reversed if any paragraph were found sufficient. Without taking space to discuss the authorities, we suggest that a comparison of the following cases will afford support to our conclusion: *Barner* v. *Moorehead* (1864), 22 Ind. 354; *Rennick* v. *Chandler* (1877), 59 Ind. 354, 361; *Newby* v. *Rogers* (1872), 40 Ind. 9; *Stone* v. *State, ex rel.* (1881),

75 Ind. 235; *Northwestern, etc., Ins. Co.* v. *Hazelett* (1886), 105 Ind. 212, 216, 55 Am. Rep. 192; *Hume* v. *Dessar* (1867), 29 Ind. 112; *Silvers* v. *Junction R. Co.* (1873), 43 Ind. 435; *Stanford* v. *Davis* (1876), 54 Ind. 45; *Round* v. *State* (1898), 152 Ind. 39; *Maynard* v. *Waidlich* (1901), 156 Ind. 562; *Mitchell* v. *Stinson* (1881), 80 Ind. 324; *Meyer* v. *Bohlfing* (1873), 44 Ind. 238; *Washington Tp.* v. *Bonney* (1873), 45 Ind. 77; *Baker* v. *Groves* (1891), 1 Ind. App. 522; *Merrill* v. *Pepperdine* (1894), 9 Ind. App. 416.

There is no assignment of error in overruling the demurrer to the complaint as a whole; nor is it assigned that the complaint does not state facts sufficient to constitute a cause of action. Each of the specifications of supposed error relating to the complaint and the action of the court upon the demurrer assigns error in overruling the demurrer to a certain one of the four paragraphs of complaint, thus treating the demurrer as several and not joint. Therefore no question is presented relating to the complaint or to the ruling upon the demurrer.

The court overruled the motion of the appellant for a new trial.

An objection urged by the appellee to the consideration of the instructions to the jury, on the ground that they and the exception thereto are not in the record as provided for by the statute of 1903 is sufficiently met by reference to the closing provision of that statute (Acts 1903, p. 338, §9, §641i Burns 1905), that no provision of the act shall be so construed as to preclude any matter from being made a part of the record by bill of exceptions under the rules of practice in force at the taking effect of the statute.

The action was one for the recovery of damages for the death of the appellee's intestate, negligently caused by the appellant's running a car against him at a street crossing.

Among the instructions given by the court of its own motion was the following: "(2) The court instructs the jury that the plaintiff need not affirmatively prove that his decedent stopped, looked and listened. The presumption is that he did so, and the burden of proof that he did not stop, look and listen is on the defendant railway company, and must be proved by a preponderance of the testimony on its part." In the absence of evidence to the contrary, the presumption is that a person injured or killed by collision with a train at a railroad crossing, through the negligence of the railroad company, exercised ordinary care; and where, to do so, he should stop, look and listen, the presumption, where there is no evidence on the subject, in an action to recover for his injury or his death, is that he stopped, looked and listened. The care to be exercised by a traveler on a highway approaching a railroad crossing is not diminished by reason of the enactment of 1899 (Acts 1899, p. 58, §359a Burns 1901), relating to pleading and evidence in such cases; but the presumption, in the absence of evidence on the subject, is that he did exercise such requisite care, his contributory negligence being by that statute made matter of defense. The burden of establishing such defense is upon the defendant, and so continues throughout the case. It must be presumed in such case, until the defense of contributory negligence has been sufficiently proved, that the person killed or injured was free from contributory negligence in all respects. See *Nichols* v. *Baltimore, etc., R. Co.* (1904), 33 Ind. App. 229; *Chicago, etc., R. Co.* v. *Turner* (1904), 33 Ind. App. 264; *Harris* v. *Pittsburgh, etc., R. Co.* (1904), 32 Ind. App. 600; *Chicago, etc., R. Co.* v. *Laporte* (1904), 33 Ind. App. 691; *Continental Improvement Co.* v. *Stead* (1877), 95 U. S. 161, 24 L. Ed. 403; *Texas, etc., R. Co.* v. *Gentry* (1896), 163 U. S. 353, 16 Sup. Ct. 1104, 41 L. Ed. 186; *Southern Ind. R. Co.* v. *Peyton* (1902), 157 Ind. 690.

State, *ex rel.*, *v.* Soale—36 Ind. App. 73.

If · the contributory negligence constituting a defense appears from the evidence, it is not material whether it appears from the evidence of the defendant or ·that

10. of the plaintiff. *Cleveland, etc., R. Co.* v. *Coffman* (1903), 30 Ind. App. 462; *City of Evansville* v. *Christy* (1902), 29 Ind. App. 44; *Howard* v. *Indianapolis St. R. Co.* (1902), 29 Ind. App. 514. An instruction in such form that the jury may imply therefrom that the defense of contributory negligence on the part of the plaintiff can be established only by testimony of the defendant's witnesses, is materially erroneous. *Indianapolis St. R. Co.* v. *Taylor* (1902), 158 Ind. 274; *Cleveland, etc., R. Co.* v. *Miles* (1904), 162 Ind. 646; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1904), 163 Ind. 247; *Pittsburgh, etc., R. Co.* v. *Collins* (1904), 163 Ind. 569. The instruction above quoted, instead of referring the jury to all the evidence on the subject, directed its attention to "the preponderance of the testimony" on the part of the appellant. This was adapted to mislead, and, under the authorities above cited, was erroneous. Our attention has not been directed to any instruction by which the error in this one is corrected, and upon examination of the instructions given we do not observe such a correction.

Judgment reversed, with direction to grant leave, if asked, to amend the complaint.