## HARMON, RECEIVER, v. FORAN.

[No. 7,200.    Filed May 18, 1911.    Rehearing denied June 29, 1911.]

1. TRIAL.—*Verdict.*—*Interrogatories.*—*Conflict.*—Answers to the interrogatories to the jury control the general verdict only when they are in irreconcilable conflict therewith under any supposable evidence admissible within the issues.    p. 266.

2. RAILROADS.—*Crossing Accidents.*—*Violating Ordinances.*—*Backing Engine without Light or Lookout.*—*Interrogatories.*—Answers to interrogatories to the jury that the plaintiff looked and listened for an approaching train before going upon the defendant's railroad track on a street crossing, that he neither saw nor heard any, that he was prevented therefrom by the noise of another train, and the dark and rainy night, and that because of an embankment and curve he could not see the approaching engine before he reached the point where he was struck, are not in conflict with a general verdict for the plaintiff.    p. 266.

3. RAILROADS.—*Crossing Accidents.*—*Instructions.*—In an action by a pedestrian against a railroad company for damages sustained at a street crossing, an instruction that the plaintiff, to recover, must establish by a preponderance of the evidence (1) that he received the injuries as alleged in the complaint, and (2) that such injuries were the immediate and proximate result of defendant's carelessness and negligence, as alleged in the complaint, and that if the plaintiff so failed to establish either, he could not recover, is correct, and where followed by an instruction as to the effect of contributory negligence, is not prejudicial.    p. 267.

4. TRIAL.—*Instructions.*—*How Considered.*—Instructions should be considered as a whole; and if they fairly present the law of the case they will not be held prejudicial.    p. 268.

5. RAILROADS.—*Crossing Accidents.*—*Ordinances.*—*Instructions.*—In an action for damages sustained at a street crossing because of defendant railroad company's violation of a city ordinance, an instruction that the plaintiff, in the absence of knowledge to the contrary, had a right to assume that defendant would obey the city ordinance in reference to the moving of its trains, is correct.    p. 268.

6. RAILROADS.—*Crossing Accidents.*—*Ordinances.*—*Lookout on "Rear End of Locomotive."*—*Instructions.*—In an action against a railroad company for injuries at a street crossing caused by defendant railroad company's running backwards a locomotive and tender without a lookout on the rear of the tender, in violation of a city ordinance requiring all companies so operating trains to provide a watchman on the "rear end of such locomotive, car,

or train of cars," an instruction that it was the defendant's duty when it ran an engine and tender backwards to station a watchman on the rear of the tender, is not objectionable. p. 268.

7. RAILROADS.—*Crossing Accidents.—Contributory Negligence.—Presumptions.*—In an action for damages sustained at a street crossing, because of defendant railroad company's violation of a city ordinance, an instruction that the presumption is that when a person approaches a railroad crossing along a street or highway, and is injured in attempting to cross, he is not guilty of contributory negligence, is incorrect, there being no presumption in such case. *Nichols* v. *Baltimore, etc., R. Co.*, 33 Ind. App. 229, *Pittsburgh, etc., R. Co.* v. *Reed*, 36 Ind. App. 67, *Cleveland, etc., R. Co.* v. *Schneider*, 40 Ind. App. 38, and *Wamsley* v. *Cleveland, etc., R. Co.*, 41 Ind. App. 147, partly overruled. pp. 269, 270.

8. NEGLIGENCE.—*Contributory.—Burden of Proof.*—Contributory negligence constitutes a defense; and the burden is on defendant to prove such defense by a preponderance of the evidence. p. 269.

9. RAILROADS.—*Crossing Accidents.—Contributory Negligence.—Instructions.—Curing by Interrogatories.*—In an action for injuries sustained by a traveler at a street crossing, answers to the interrogatories to the jury that the plaintiff was not guilty of contributory negligence do not cure an erroneous instruction that the plaintiff is presumed to be free from contributory negligence, such answers probably being influenced by such erroneous instruction. pp. 270, 271.

From Superior Court of Marion County (73,384); *Pliny W. Bartholomew*, Judge.

Action by John Foran against Judson Harmon, as receiver of the Cincinnati, Hamilton and Dayton Railroad Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*John B. Elam, J. W. Fesler* and *Harvey J. Elam*, for appellant.

*Thomas D. McGee, John W. Holtzman* and *Lewis A. Coleman*, for appellee.

IBACH, J.—Action for damages against Judson Harmon, as receiver of the Cincinnati, Hamilton and Dayton Railroad Company, for personal injuries received by John Foran at a street crossing.

The case was tried on a single paragraph of complaint, in which it was alleged that appellant, in violation of various ordinances of the city of Indianapolis, was negligently backing an engine at night, without a light, without a man on the footboard, without ringing the bell, and at excessive speed, whereby appellee was caught at a crossing and injured. A demurrer to this paragraph, for want of facts, was overruled, and the issues formed by filing an answer in general denial. The trial was by jury, a general verdict against appellant for $3,500 was returned, and interrogatories propounded by both appellant and appellee were answered. Judgment was rendered on the verdict.

Errors relied on for reversal are (1) overruling appellant's motion for judgment on answers to the interrogatories notwithstanding the general verdict, and (2) overruling appellant's motion for a new trial.

There are two main propositions to be considered: Whether the answers to interrogatories show that appellee was guilty of contributory negligence, and whether the court erred in giving to the jury certain instructions.

Eliminating certain interrogatories that call for conclusions, the jury found, by answers to other interrogatories, the following facts: Appellee was walking north on the west sidewalk of West street. On each side of the street was a high wall, and an embankment was filled in back of the west wall, extending westward. These walls and the embankment were a part of the track elevation work, then in course of construction. The track on which appellee was standing when struck was the first track north of the walls, and ran east and west, and its south rail was seven feet from the perpendicular north end of the wall. North of this track were other tracks. The track on which appellee was standing when struck curved to the south, west of West street. At the south end of the walls, before proceeding between them, appellee looked in each direction for trains on the tracks north of the walls. When he came to the north end

of the west wall there was a train, that was making considerable noise, passing on one of the tracks just north of the first track. Before he attempted to cross the tracks north of the walls, he looked and listened for trains and engines. In attempting to cross the first track he was struck by an engine moving backwards toward the east at a speed of from five to seven miles an hour, with bell ringing, and with a light burning on both front and rear. There were three men in the cab of the engine, but none on the rear end of the tender. The noise of the other engine that had passed prevented appellee from hearing the engine that struck him. The embankment and curve of the track to the south prevented him from seeing the engine. He looked to the west along the track after passing the wall, and before he reached the place where he was struck. From the point where appellee was struck, an engine could not be seen two hundred feet away, if it was approaching from the west. Appellee could not have seen the engine by looking toward the west at any time before he was struck. The night was dark and rainy. Appellee was familiar with the crossing, having passed it many times for three or four months. After passing the walls he walked in a northeasterly direction to near the center of West street, and during this time was giving his attention to the engine that was passing on the track north of the first track. He listened when near the south rail of the first track, and as he placed his foot upon the rail he turned to the west, and was struck by the end of the tender. The speed of the engine did not influence his movements, but he did not approach the track without regard to the engine. He did not know the engine was approaching until it struck him. There was no evidence showing how far the engine was from the north end of the west wall, while plaintiff walked from that point to the point where he was struck, nor as to how fast he was walking when he was approaching the track, nor as to the condition of his eyesight or hearing.

In the case of *McCoy* v. *Kokomo R., etc., Co.* (1902), 158 Ind. 662, the Supreme Court said: "In passing on a motion for judgment notwithstanding the verdict, it

1. should be borne in mind that the verdict necessarily covers the whole issue, and that it solves every material fact against the party against whom it is rendered. To enable the latter successfully to interpose the special findings of the jury upon particular questions of fact, as a reason for judgment in his favor, he must, at least, have special findings that stand in such clear antagonism to the general verdict that the two cannot coëxist.  *   *   *   It is required that every reasonable intendment shall be indulged in favor of the general verdict, and that, on the other hand, the court shall strictly, and without favorable intendment, construe the answers to interrogatories against the moving party.  *   *   *   It is not permitted that the court, in ruling on a motion for judgment based on the answers to interrogatories, should regard the evidence that was introduced upon the trial.  *   *   *   The motion should be refused where the antagonism between the verdict and the answers to interrogatories is not such, on the face of the record, as to be beyond the possibility of being removed by any evidence legitimately admissible under the issues.  *   *   *   As the motion that was made was for judgment upon the answers notwithstanding the verdict, it was required, in order to justify the sustaining of the motion, that the answers, in and of themselves, should be sufficient, when strictly construed, to warrant, in view of the issues, a judgment in favor of the moving party."

In the light of this able and complete enunciation of the principles governing a motion for judgment on the answers to interrogatories, we shall consider the present case.

2. We find that the answers to the interrogatories sustain the verdict. They show that appellee looked and listened after passing the walls before crossing the track; that he was prevented from hearing the engine by the passing

of another train; that the night was dark and rainy; that on account of the embankment and curve he could not see the engine approaching before he reached the spot where he was struck. They do not, as appellant claims, show that appellee had stopped for some time on the track, but rather that he had just set foot on the track, and had turned to look to the west. There are no special findings in clear antagonism to the general verdict, and there is not irreconcilable conflict between the two. The motion for judgment on the answers to the interrogatories was rightfully overruled.

Appellant claims that instruction three is erroneous, because it does not include all the elements that need to be considered in determining whether plaintiff should recover. This instruction is as follows: ''To entitle the plaintiff to recover in this action upon his complaint he must establish two things by a preponderance of the evidence: (1) That he received injuries as alleged in the complaint; (2) that such injuries are the immediate and proximate result of defendant's carelessness and negligence, as charged in the complaint. If plaintiff has failed to establish either of said propositions by such preponderance, then he would not be entitled to recover in this action; but if by such preponderance of the evidence he has established said two propositions, then he would be entitled to recover.''

This instruction is a correct statement of the law as to all it purports to set forth, namely, what the plaintiff must establish in order to recover. It omits reference to the defense of contributory negligence, but in subsequent instructions given by the court the jury was fully informed that contributory negligence of the plaintiff would defeat his right to recover, even though the defendant had been negligent, and that it should consider all the evidence in order to determine whether plaintiff's negligence contributed to his injury.

In this State instructions are considered as a whole, and not separately. If the instructions taken as a whole correctly

and fairly present the law to the jury, the giving of an

4. instruction which, if taken alone, might be construed in a sense in which it would not be understood when taken in connection with the others, will not be held reversible error, unless it has been shown that the jury were influenced thereby. We cannot hold that the giving of instruction three was reversible error. *Craig* v. *Frazer* (1891), 127 Ind. 286; *Atkinson* v. *Dailey* (1886), 107 Ind. 117; *Musser* v. *State* (1901), 157 Ind. 423; *Shields* v. *State* (1897), 149 Ind. 395; *Rains* v. *State* (1899), 152 Ind. 69.

Appellant also objects to instruction nine, given at the request of plaintiff, which states that in the absence of any knowledge or warning to the contrary, plaintiff had

5. a right to assume that defendant would obey the city ordinance in reference to the moving of trains in the city of Indianapolis. Such an instruction was held good in the case of *Pittsburgh, etc., R. Co.* v. *McNeil* (1904), 34 Ind. App. 310, and for the reasons there given, and upon the authorities there cited, we hold the present instruction good.

It is also claimed that the trial court committed error in giving several instructions which construe city ordinance No.

2,301, requiring a railroad company that runs back-

6. wards a locomotive, car or train of cars in the city of Indianapolis to provide a watchman on the "rear end of such locomotive, car, or train of cars," as meaning that the watchman should be stationed on the rear of the tender. In the present case there were three men on the locomotive, but none on the rear of the tender. We think the trial court made no error in this respect. A tender is ordinarily considered as a portion of the locomotive to which it is attached. Any reasonable construction of the ordinance would require a watchman to be stationed on the rear of the moving object, and to comply with its provisions a watchman must be stationed on the rear of the tender.

Appellant assigns as reversible error the giving of instruc-

tion seven requested by plaintiff, that "when a person approaches a railway crossing along a street or highway, and in attempting to cross is injured, the presumption is that he was not guilty of contributory negligence." This instruction does not state correctly the rule of law existing in this State.

Since the enactment of the statute of 1899 (Acts 1899 p. 58, §362 Burns 1908) contributory negligence has been made a ground of defense in cases of this kind, and its existence must be shown by a preponderance of the evidence, in order to defeat a recovery in an action brought by a party who has been injured through the carelessness of another. By this act, however, the additional burden was not added to the defendant, of producing evidence to overcome a presumption that plaintiff was at the time of the injury free from contributory negligence.

In this jurisdiction there is no presumption in personal injury cases that the injured party used due care, or that he did not use due care; but where the defense of contributory negligence is presented, it becomes necessary for the defendant, in order to defeat a recovery, to establish the fact that the injured party committed some act that proximately contributed to his injury, the same as any other issue of fact is proved, by a fair preponderance of the evidence, and by the act before referred to the legislature did not create a presumption of law in favor of the plaintiff as to any issue about which there is any controversy, but simply removed from the plaintiff the burden of showing, as a part of his own case, the fact that he was free from fault proximately contributing to his own injury. The court therefore erred in giving instruction seven. *City of Indianapolis* v. *Keeley* (1906), 167 Ind. 516; *Evansville, etc., R. Co.* v. *Berndt* (1909), 172 Ind. 697.

We cannot say that the jury was not influenced by this instruction in its consideration of the case, and that the

answers returned to the interrogatories were not large-
9. ly due to the effect which the instruction had upon the
minds of the jurors, as the principal question to be
determined in the case was whether the plaintiff was guilty
of contributory negligence. If such instruction influenced
the jury, and we conclude it did, the defendant was harmed
and prejudiced thereby.

The error in giving instruction seven necessitates the
granting of a new trial.

The judgment is accordingly reversed, with instructions
to sustain appellant's motion for a new trial, and for further
proceedings.

## On Petition for Rehearing.

IBACH, J.—Appellee in his brief on petition for rehearing
suggests that the original opinion makes no reference to the
cases of *Nichols* v. *Baltimore, etc., R. Co.* (1904), 33
7.  Ind. App. 229, *Pittsburgh, etc., R. Co.* v. *Reed* (1905),
36 Ind. App. 67, and *Cleveland, etc., R. Co.* v. *Schnei-
der* (1907), 40 Ind. App. 38, upon the authority of which the
instruction was given and upon which the case was reversed.
These cases are in conflict with the Supreme Court
decisions cited in the opinion. In the case of *Grand Trunk,
etc., R. Co.* v. *Reynolds* (1911), 175 Ind. 161, the Supreme
Court has expressly disapproved the cases of *Nichols* v. *Balti-
more, etc., R. Co., supra,* and *Pittsburgh, etc., R. Co.* v. *Reed,
supra,* and held them erroneous on the proposition involved
in instruction seven in the present case, setting forth fully
the reasons for their holding. In *Cleveland, etc., R. Co.* v.
*Schneider, supra,* the objection made to the instruction in
the present case seems not to have been involved, but the
opinion in that case, and the opinion in the case of *Wamsley*
v. *Cleveland, etc., R. Co.* (1908), 41 Ind. App. 147, so far
as they are, or may be construed to be, in conflict with the
opinion in the present case, are overruled.

We adhere to our opinion that the giving of the erroneous

instruction seven was not made harmless to appellant by the answers to interrogatories, for the reasons stated in the original opinion. The jury found the answers to interrogatories after the instruction complained of was given, and may have been led to answer them as it did, because influenced by the presumption that appellee was not guilty of contributory negligence, which would include the presumption that he looked and listened at proper times and places, although from the evidence, unaided by presumption, different answers might have been returned.

Appellee has furnished us with a brief on petition for rehearing showing much care, and we have for the second time gone into the case very thoroughly, but find no cause to modify our former judgment.