THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS
RAILWAY COMPANY v. WISE, ADMINISTRATOR.

[No. 23,196.   Filed June 1, 1917.]

1. TRIAL.—*Personal Injuries.*—*Contributory Negligence.*—*Burden of Proof.*—*Instructions.*—*Cure by Other Instructions.*—In an action for death by negligence, an instruction that, in the absence of evidence on the subject of contributory negligence on the part of decedent, it would be presumed that he exercised due care, while possibly erroneous when considered alone does not constitute reversible error where another instruction was given informing the jury that defendant had the burden of proving decedent's contributory negligence, but evidence produced by either party might be sufficient to prove that fact. (*City of Indianapolis* v. *Keeley* [1906], 167 Ind. 516, distinguished; and *Pittsburgh, etc., R. Co.* v. *Reed* [1905], 36 Ind. App. 67, criticized.)   pp. 318, 320.

2. TRIAL.—*Evidence.*—*Presumptions.*—*Functions.*—*Instructions.*—The ordinary function of most so-called presumptions of law, as they relate to evidence, is to cast on the party against whom the presumption works the duty of going forward with evidence, and when that duty is performed the presumption is *functus officio* and has no proper place in the instructions to the jury.   p. 319.

3. TRIAL.—*Evidence.*—*Presumptions.*—*Operation.*—A presumption operates to relieve the party in whose favor it operates from going forward in argument or evidence and serves the purpose of a *prima facie* case until the other party has gone forward with his evidence, but in itself it is not evidence, and involves no rule as to the weight of evidence necessary to meet it.   p. 319.

4. TRIAL.—*Evidence.*—*Presumptions.*—A presumption, like a fact proved, remains available to the party in whose favor it arises until overcome by opposing evidence.   p. 319.

5. APPEAL.—*Review.*—*Refusal of Instruction.*—It is not error to refuse requested instructions where the subject-matter thereof is fully covered by those given.   p. 321.

From Marion Superior Court (80,406) ; *John J. Rochford,* Judge.

Action by Thomas Wise, administrator of the estate of Thomas F. Wise, deceased, against The Cleveland, Cincinnati, Chicago and St. Louis Railway Company.

From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1399 Burns 1914, Acts 1901 p. 565.)   *Affirmed.*

*Isaac Carter,* for appellant.
*George W. Galvin, for appellee.*

ERWIN, C. J.—This cause was before this court before in the case of *Wise, Admr.,* v. *Cleveland, etc., R. Co.* (1915), 183 Ind. 484, 108 N. E. 369.

The record discloses that suit was brought by Wise, administrator, to recover damages for the killing of his decedent, Thomas F. Wise.   Trial was had by jury resulting in a verdict for Wise, administrator, in the sum of $2,000.   The appellant in this cause filed its motion for judgment in its favor upon the jury's answers to the interrogatories, notwithstanding the general verdict.   Before that motion was ruled upon by the court it became necessary for appellant company to file its motion for a new trial or waive the same for failure to file within the time allowed by statute.   §587 Burns 1914, Acts 1913 p. 848.   After the filing of the motion for new trial the court sustained appellant's motion for judgment upon the interrogatories notwithstanding the general verdict.   No ruling was made on the motion for new trial, filed and presented in open court, nor as shown by the record, were any steps taken by the company to have the court make a ruling upon the motion for a new trial after its ruling on the motion for judgment upon the answers to the interrogatories.   The administrator appealed and the cause was determined upon the question presented by the trial court's ruling on the motion for judgment upon the answers to the interrogatories and reversed with instructions to overrule the motion.   When the mandate was acted upon by the trial court, it followed the instructions of this court and in addition thereto overruled the appellant's motion

for a new trial, from which latter ruling the company appeal d.

The only assignment of errors is that the court overruled the motion for a new trial. The causes assigned for a new trial and relied upon here are: (1) The verdict of the jury is not sustained by sufficient evidence; (2) the verdict of the jury is contrary to law; (3) the damages assessed by the jury are excessive; (4) the court erred in giving instructions Nos. 8, 11 and 12; and (5) the court erred in refusing to give instructions Nos. 6, 7, 8, 9 and 10 and each of them.

Considering only the evidence most favorable to appellee it is sufficient to sustain the verdict.

On the giving of instructions, we are of the opinion that the instructions taken as a whole contain a fair statement of the rules of law governing the case.

1. Instruction No. 8 given by the court, and of which appellant complains, if taken alone might be erroneous. The part of the instruction complained of is: "But if there is no evidence on the subject of contributory negligence on the part of the decedent, then the presumption would be that the said decedent exercised the care which the law requires and which it was his duty to exercise, as hereinbefore explained to you." In instruction No. 6 the court told the jury that "the burden is on the defendant railroad company to prove contributory negligence on the part of the plaintiff's decedent, but if the evidence as a whole by whatever party produced, does prove contributory negligence it would be sufficient to establish such fact". These two instructions fully state the law. If there was some evidence introduced by either the plaintiff or the defendant on the question of contributory negligence showing that decedent was guilty of acts contributing to the injury there could be no presumption that decedent was without fault; but if there was no evidence at all on the

question of contributory negligence, then the jury might presume that decedent was without fault and had done all that the law required him to do in approaching the danger.

The ordinary function of most so-called presumptions of law, as they relate to evidence, is to cast on the party against whom the presumption works the duty of going forward with evidence, and when that duty is performed the presumption is *functus officio* and has no proper place in the instruction to the jury. Thayer, Prelim. Treatise on Evidence 339-346. 2 Chamberlayne, Mod. Law of Evidence §§1021, 1085. "A presumption operates to relieve the party in whose favor it operates from going forward in argument or evidence and serves the purpose of a *prima facie* case until the other party has gone forward with his evidence but in itself it is not evidence, and involves no rule as to the weight of evidence necessary to meet it." 1 Elliott, Evidence §91. The weight of authority is against regarding a presumption as evidence. Jones, Com. on Evidence §10.

A presumption, like a fact proved, remains available to the party in whose favor it arises until overcome by opposing evidence. *Bates* v. *Pricket* (1854), 5 Ind. 22, 61 Am. Dec. 73; *Kilgore* v. *Gannon* (1916), 185 Ind. 682, 114 N. E. 446.

The statutes of this State, §362 Burns 1914, Acts 1899 p. 58, provide that in actions for personal injuries or death of any person, it shall not be necessary to allege or prove the want of contributory negligence, on the part of the plaintiff, but that contributory negligence shall be a matter of defense, and provable under the general denial. This in effect is saying that the presumption of freedom from contributory negligence shall prevail in favor of plaintiff until some evidence has been introduced in the cause

on the subject when the presumption becomes *functus officio* and the case goes to the jury on the evidence adduced on that question as on all other questions free from any presumptions in favor of either party.

The instruction in question uses this language: *"But if there is no evidence on the subject of contributory negligence* on the part of the decedent, then the

1. presumption would be that the said decedent exercised the care which the law requires and which it was his duty to exercise." (Our italics.) Appellant contends that this instruction is erroneous under the holding of this court in *City of Indianapolis* v. *Keeley* (1906), 167 Ind. 516, 79 N. E. 499. In that case the instruction was to the effect that the presumption of freedom from fault prevailed in favor of the injured party without regard to whether there was any evidence on the subject or not, while in this case the instructions says *"if there is no evidence."* (Our Italics.)

Instructions similar to this one have been upheld by this court and the Appellate Court. *Pittsburgh, etc., R. Co.* v. *Reed* (1905), 36 Ind. App. 67, and cases cited on page 72, 75 N. E. 50. In this last case cited we are of the opinion that the court has announced too broad a doctrine, in the use of the following language: "The burden of establishing such defense is upon the defendant, and *so continues throughout the case.* It must be presumed in such case, until the defense of contributory negligence *has been sufficiently proved,* that the person killed or injured was free from contributory negligence in all respects." (Our italics.) This presumption could only prevail in favor of the plaintiff until some evidence has been introduced when the issue thus presented goes to the jury free from presumptions in favor of either party. This presumption does not prevail in favor of plaintiff throughout the trial, except in the absence of evidence on the subject

as in this case. But where there is some evidence introduced either by plaintiff or defendant on the subject of contributory negligence, then the presumption disappears, and the jury must determine in whose favor the evidence weighs, keeping in view that the burden is on the defendant to establish the contributory negligence, either by evidence introduced by himself or shown by evidence of plaintiff.

A careful examination of the instructions discloses that instructions Nos. 6, 7, 8, 9 and 10 tendered

5. by appellant and refused, and of which refusal appellant complains, were fully covered by the instructions given.

The finding of a verdict of $2,000 for the negligent killing of decedent does not seem to us to be an excessive verdict.

There being no reversible error presented, the judgment is affirmed.

NOTE.—Reported in 116 N. E. 299. See under (1) 38 Cyc 1785.