510    SUPREME COURT OF INDIANA.

The Indianapolis, Bloomington, and Western Railway Co. *v.* Carr, Adm'r.

## THE INDIANAPOLIS, BLOOMINGTON, AND WESTERN RAILWAY COMPANY *v.* CARR, Administrator.

RAILROAD.— *Death Caused by Negligence.*— *Instruction.*— *Evidence.*—In an action against a railroad company for negligently causing the death of A., it appeared from the evidence, that A. and others in the employment of a union railway company were at work at a certain point on the railroad track of said union company over which trains could pass at that point; that a train of cars owned and run by defendant was backing at the time; that the bell of the locomotive was ringing; that there were four or five cars in the train and no method of communicating with the engineer from the rear of the train; nor was there any brake in working order on the car farthest from the locomotive, although a brakeman was on the rear end of the car, the locomotive being at the other end of the train; nor was any person in advance of the train to warn others of its approach. The locomotive was in charge of the fireman, the engineer being absent to procure a drink. The other persons employed with B. at work on the track stepped off, and some one called to him, "look out," when B., instead of stepping back, stepped forward, and was struck and killed. The fireman and one brakeman were the only persons in charge of the train. This instruction was asked and refused: "If, at the time deceased was killed, it was his duty to be engaged upon the track at that place, and he might have seen the approach of the train by exercise of reasonable care, as by looking up, then the failure to do so, if he did so fail, was negligence on his part; and if such negligence contributed to his injury, then the jury should find for the defendant."

*Held,* that there was no error in this ruling.

*Held,* also, that this evidence was sufficient to sustain a finding against the railway company.

APPEAL from the Marion Common Pleas.

DOWNEY, C. J.—This action was brought by the appellee against the appellant, and it was alleged, in the complaint that the Indianapolis, Crawfordsville, and Danville Railroad Company was, on the 20th day of September, 1869, using, operating, and running a certain locomotive, together with a train of cars thereto attached, on the Union track, in the city of Indianapolis, Indiana, at a point on or near Delaware street, in said city; and that since said 20th day of September, 1869, said Indianapolis, Crawfordsville, and Danville Railroad Company, had consolidated and entered into articles of consolidation with the Danville, Urbana, Bloomington, and Pekin Railroad Company, whereby said two corpo-

rations had become one corporation, known by the name, style, and description of the defendant herein, and by means thereof, said defendant had succeeded to all the rights and franchises of both of said corporations, and also become responsible for all the liabilities before then existing or accrued against either and both of said corporations. ` And that on the said 20th day of September, 1869, Patrick Gill, then in life, was in the service, and was performing work and labor as an employee of the Union Railway Company, and was on said day engaged at his daily labor on said Union track, at a point on and near Delaware street, in the city of Indianapolis; and that while so at work, and without any fault or negligence on his part, the agents and servants of the said Indianapolis, Crawfordsville, and Danville Railroad Company, while engaged in running and operating a locomotive and train of cars owned by, and belonging to, said Indianapolis, Crawfordsville, and Danville Railroad Company, on, upon, and along said Union track, so carelessly and negligently run and operated said locomotive and train, on, over, and along said track, that they did carelessly and negligently run said locomotive and cars against, on, and upon him, the said Patrick Gill; by means whereof he, the said Patrick Gill, was then and there instantly killed. And plaintiff says that said Patrick Gill left surviving him his widow, Bridget Gill, and no children; that the said Bridget was wholly dependent upon him, the said Patrick, for means of support; and that by means of the provisions of the statute in such case made and provided, a right of action had accrued in favor of the plaintiff for the sole use and benefit of her, said Bridget Gill, as the surviving widow of said Patrick Gill, to have and recover the sum of five thousand dollars; and that said defendant, by reason of the consolidation aforesaid, was liable and responsible for the same; and that he, said plaintiff, for the use aforesaid, had a right of action against said defendant, by reason of the premises, for said sum of five thousand dollars; and he, for the use aforesaid, demanded judgment for said amount.

A demurrer to this complaint was filed and overruled, of which action there is no complaint. Issue in fact was then formed by a traverse of the complaint. The case was tried by a jury, and a verdict rendered for the plaintiff for nine hundred and fifty dollars.

A motion for a new trial was made by the defendant, for the reasons, that the verdict was not sustained by sufficient evidence, was contrary to law, and because the court refused to give instruction No. 5, asked by the defendant. This motion was overruled, the defendant excepted, judgment was rendered, and thirty days were given in which to file the bill of exceptions. The bill of exceptions was filed within the time limited, and professes to set out all the evidence given in the case.

The only error assigned is the refusal of the court to grant the new trial.

It appears from the evidence that Gill and others were at work repairing the Union track, but the repairs were such as did not prevent trains from passing over the road at that point. The train in question was backing. Those who were working with Gill got out of the way. He was standing on or near the south rail at work. The bell of the locomotive was ringing. There were four or five cars in the train. Some one called out, "look out," when Gill, instead of stepping back, for some cause stepped forward on the track, and was struck by the cars, knocked down, and some of the cars passed over him, killing him almost immediately. A brakeman was on the rear end of the car farthest from the locomotive, but the brake on that car was out of order. The engine was at the other end of the train, and there does not appear to have been any means of communicating with the engineer, so as to stop the train or prevent accidents. No one went in front of the backing train to warn persons of danger or to clear the way. The engineer had left his engine, and gone to get a drink, leaving the engine in the hands of the fireman, who had charge of it at the time of the accident. He was not an engineer. The fireman and

one brakeman were all the men on the train at the time of the accident.

We would not be warranted, in this state of facts, to say that the evidence was not sufficient to justify the verdict of the jury.

The instruction asked and refused was as follows: "5. If, at the time the deceased was killed, it was his duty to be engaged upon the track at that place, and he might have seen the approach of the train by exercise of reasonable care, as by looking up, then the failing to do so, if he did so fail, was negligence on his part, and if such negligence contributed to the injury, then the jury should find for the defendant."

We think this instruction was correctly refused. It asserts that if the deceased might have seen the train by looking up, it was his duty to do so; and if he failed to look up, he was guilty of negligence, and the action could not be sustained. The evidence shows that the deceased did look up, but we think it most probable that when he did so, the train was so close upon him that, in the confusion of the moment, he stepped in the wrong direction, and thereby lost his life. He is not to be charged with negligence because he did not, when suddenly startled by the cry of danger, or by the near approach of the train, do exactly what one not exposed to such peril might think he might or ought to have done. When a train is moving forward in the ordinary way, with the locomotive in front, a skilful and careful engineer, with a competent number of brakemen and other assistants, the train moving at the rate of only three or four miles an hour, as was the case here, there cannot be much danger to life, even in passing through or across the streets of a populous city. But when the train is backing, at a point where people are passing and engaged in work on the track of the road, the engine, as in this case, being at the rear end of the train as then moving, common prudence and ordinary care would seem to require more diligence to avoid damage to persons

and property than was used in this case. The engineer was off his train. There was only one brakeman. The brake or brakes were out of order. There were no means of communicating with the engineer. No one passed ahead of the train to clear the track or give notice of danger. We think the charge was rightly refused.

The judgment is affirmed, with costs, and five per cent. damages.*

*J. E. McDonald, J. M. Butler,* and *E. M. McDonald,* for appellant.

*J. Hanna* and *F. Knefler,* for appellee.

*Petition for a rehearing overruled.