## Chicago & Eastern Illinois Railroad Company *v.* Stephenson, Administratrix.

[No. 4,638. Filed December 15, 1903. Rehearing denied February 24, 1904. Transfer denied April 28, 1904.]

Negligence.—*Death by Wrongful Act.—Pleading.—Contributory Negligence.—* Under ¿359a Burns 1901, it is not necessary to negative contributory negligence on the part of decedent in an action for damages for death by wrongful act. *p. 98.*

Same.—*As a Matter of Law.—*It can not be said, as a matter of law, that a railway employe is negligent in going under an engine to do work devolved upon him by his employment which can not be otherwise done. *p. 98.*

Same.—*Proximate Cause.—Pleading.—*An averment in a complaint that the negligence of defendant caused the death of decedent, is a sufficient allegation as to proximate cause. *p. 99.*

Same.—*Proximate Cause.— Pleading.—* A complaint for damages for the death of plaintiff's decedent alleged that while decedent was under an

engine standing on a "Y," used jointly by defendant company and decedent's employer, cleaning out the ash-pan of the engine, and the employes of defendant in the movement of an engine and cars struck the said engine, causing the death of decedent, sufficiently shows that the negligence charged was the proximate cause of decedent's death. *pp. 98, 99.*

TRIAL.—*Answers to Interrogatories.—Conflict with General Verdict.—Negligence.* —Answers to interrogatories, in an action for damages for death by wrongful act, that decedent was under an engine standing on a track used jointly by defendant and decedent's employer cleaning out the ash-pan; that decedent did not put out any signal or warning to notify defendant's servants that he was under the engine; that there was no evidence that defendant's servants knew decedent was under the engine, and they could not see him without looking under the engine; that an engineer had instructed decedent not· to go under the engine when standing on said track, but decedent was not subject to the orders of such engineer, are not in irreconcilable conflict with a general verdict for plaintiff. *pp. 99, 100.*

APPEAL AND ERROR.—*Answers to Interrogatories.—Antagonism with General Verdict.*—A motion for judgment on the answers to interrogatories notwithstanding the general verdict is not well taken unless the antagonism between them and the general verdict is so great that it could not have been removed by any evidence that might have been admitted under the issues. *p. 100.*

NEGLIGENCE.—*Contributory.—Finding.—No Evidence of Care.*—A finding in answer to an interrogatory in an action for damages for death by wrongful act that there was no evidence that decedent took any precaution to avoid the danger does not amount to a finding that no precaution was taken, since the burden of establishing contributory negligence is on the defendant. *p. 101.*

SAME.—*Contributory.—Railroads.—Negligence of Employes of Another Company.*—A railroad employe has the right to continue in the performance of his duties, obeying the ordinances and rules established for the safety of all, on the presumption that others will do likewise, and it is only when on the particular occasion he learns, or by the exercise of reasonable diligence might have learned, of the negligent conduct of the employes of another company, then threatening, that he is required to exercise reasonable care to avoid injury therefrom. *p. 101.*

SAME.—*Question of Fact.*—Whether a fireman was guilty of negligence in going under an engine to clean out the ash-pan while the engine was standing on a "Y" used also by another company was a question of fact for the jury. *pp. 101–103.*

SAME.—*Contributory.—Burden of Proof.*— In determining the question of contributory negligence the jury is not limited to a consideration of defendant's evidence alone. *pp. 104, 105.*

DAMAGES.— *Verdict Not Excessive.*—In an action for death by wrongful act there was evidence that decedent, a railroad fireman, boarded with his

mother and paid her $25 per month of his wages; that the mother was sixty-four years old with an expectancy of 14.74 years. *Held,* that a verdict for $1,600 was not excessive. *p. 105.*

From Clay Circuit Court; *S. D. Coffey,* Special Judge.

Action by Malinda J. Stephenson, administratrix of the estate of Frederick B. Stephenson, deceased, against the Chicago & Eastern Illinois Railroad Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*G. A. Knight,* for appellant.
*B. K. Elliott, W. F. Elliott, F. L. Littleton* and *W. J. Beckett,* for appellee.

Roby, J.—The complaint was in one paragraph, to which appellant's demurrer for want of facts was overruled. The action was brought by appellee, as administratrix of the estate of Frederick B. Stephenson, to recover damages on account of the alleged negligence of appellant, causing the death of said Stephenson, and for the benefit of his next of kin. Trial by jury. Verdict with answers to interrogatories. Motion for new trial overruled. Judgment on verdict for $1,600. Error is assigned upon each adverse ruling of the court.

The complaint shows that appellant's line of railroad was intersected by the line of the Indiana, Decatur & Western Railroad Company at Hillsdale, Vermillion county, and that a Y track had been constructed at said place for the joint use of said companies; that the decedent was a locomotive fireman in the employment of the Indiana, Decatur & Western Railroad Company; that the engine on which he was working was coupled to four cars, and was standing on the west part of the "Y"; that a cut of four other cars stood about a car's length east thereof; that one of the duties of decedent's employment was to clean out the ash-pan of the engine; that, in performing such duty, he was, at the time of his death, under the engine, and that

he could not discharge such duty in any other way; that the brakes were set upon the locomotive and cars; that they were stationary, and could not be "removed" without some great force coming against them; that appellant had no duty to perform with regard to, and no right to move or strike said locomotive and cars, as decedent knew; that it backed a locomotive and several cars in on said "Y" track from the east, and negligently struck the detached cars aforesaid with force and violence, causing them to strike and to run the engine twenty feet west, and over decedent, engaged as aforesaid, thereby killing him.

The objection made to the complaint is that it does not show appellant to have been guilty of any breach of duty to decedent which was the proximate cause of his death, and that it shows on its face that he was guilty of contributory negligence in going under the locomotive, and in failing to take precautions for his own safety. The averments of the pleading show decedent to have been at a place where he had a right to be in the line of his employment, and they show that his death was caused by the movement of the engine and cars, with respect to which appellant was negligent. It was not necessary to negative contributory negligence, although the complaint does contain averments to that effect. §359a Burns 1901. It is not averred that no precautions were taken by decedent to protect himself, nor does the pleading purport to declare the conditions bearing upon the question. *Pittsburgh, etc., R. Co.* v. *Martin,* 157 Ind. 216; *Southern Ind. R. Co.* v. *Peyton,* 157 Ind. 690. The courts certainly can not say as a matter of law that a railway employe is negligent *per se* in going under an engine to do work devolved upon him by his employment, which can not be otherwise done.

The engine of the Indiana, Decatur & Western Railroad Company is averred to have stood at one end of the union track. Appellant, having no right to move or strike it, and no duty to perform with regard to it, struck it with

sufficient force to drive it westward, with set brakes, a distance of twenty feet. It owed the duty to those lawfully using the track of using ordinary and reasonable care to avoid injuring them. *McMarshall* v. *Chicago, etc., R. Co.,* 80 Iowa 757, 45 N. W. 1065, 20 Am. St. 445; *Cleveland, etc., R. Co.* v. *Gray,* 148 Ind. 266. Had the Indiana, Decatur & Western engine been damaged by the collision, and had suit been brought against the appellant to recover such damage by the other company, it could not well be insisted that it was not guilty of a breach of duty in causing such collision. A different injury was inflicted in the case at bar, but the breach of duty was not different. So far as the question of proximate cause is concerned, the averment that the negligence of the defendant caused the death of the decedent is, as a matter of pleading, sufficient. *Baltimore, etc., R. Co.* v. *Peterson,* 156 Ind. 364. The facts stated also show that the negligence charged was the proximate cause of the injury. *Cleveland, etc., R. Co.* v. *Gray, supra.* The complaint was not therefore subject to the objections made to it.

The answers to the interrogatories by the jury, in so far as they are material, are substantially as follows: The locomotive under which decedent was killed was standing on the track used and maintained jointly by appellant and the Indiana, Decatur & Western Railroad Company. Appellant had the right at the time of the accident to use the track. When decedent went under the locomotive to clean out the ash-pan he did not put out any warning or danger signal, or station a watchman near said locomotive to notify appellant's servants, while using said track, of his presence under the locomotive. There was no evidence that he took any precaution whatever to warn or notify the servants in charge of appellant's train that he was under the locomotive cleaning out its ash-pan. There was no evidence that appellant's servants knew that decedent was under the engine at the time he was killed. The servants

of appellant at the time of the accident could not see him without looking under the engine. The appellant's servants at the time of the accident could not see him under his locomotive. The decedent, on the Saturday prior to the accident (the accident occurred on Monday), was instructed by the engineer of the Indiana, Decatur & Western Railroad Company's engine not to go under it while standing on this track. He was not subject to the orders or under the control of the engineer. He did not know that appellant would back its train in on the "Y" track, and did not know that it had done so. He did not fail to exercise ordinary care in going under the engine as he did, and exercised such care under the circumstances as a person of ordinary prudence would.

The finding that appellant's employes did not see decedent before he was killed is not decisive in its favor upon the question of its negligence. Negligence is not determined by the knowledge or lack of knowledge of the wrong-doer as to the details of the injury likely to be caused by his act. Under the complaint, the general verdict finds that appellant was negligent in striking the cars and engine of the Indiana, Decatur & Western Railroad Company as it did. It is not charged to have been negligent after decedent's peril was or should have been known, nor is wilful injury charged.

A motion for judgment on the answers to the interrogatories notwithstanding the general verdict is not well taken unless the antagonism between them and the general verdict is so great that it could not have been removed by any evidence that might have been admitted under the issues. *Indiana Pipe-Line, etc., Co.* v. *Neusbaum,* 21 Ind. App. 361.

There is nothing shown as to the rules and customs of the companies with regard to the use of the "Y" track, and nothing to show that decedent had reason to know or expect that appellant would strike or move his engine; while the

absence of evidence that any precaution was taken is not equivalent to a finding that no precaution was taken, the burden of establishing contributory negligence being upon the defendant. The quality of his acts and omissions must be determined by reference to the following legal propositions. He was not negligent in entering upon the common track in the course of his employment. *Pittsburgh, etc., R. Co. v. Martin,* 157 Ind. 216. The rules requiring travelers at highway crossings to look and listen for approaching trains were not applicable to him. *Baltimore, etc., R. Co. v. Peterson,* 156 Ind. 364. He had a right to rely to a reasonable extent upon the care and vigilance of appellant and its employes. *Shoner* v. *Pennsylvania Co.,* 130 Ind. 170, 177; *Pennsylvania Co. v. O'Shaughnessy,* 122 Ind. 588. He had a right to presume that appellant would not be negligent in the operation of its engine and cars. *Baltimore, etc., R. Co.* v. *Peterson, supra; Cincinnati, etc., R. Co.* v. *Long,* 112 Ind. 166, 172; *Hopkins* v. *Boyd,* 18 Ind. App. 63. Appellant's right to use the track at the time of the accident, as stated by the jury, was limited by law to such reasonable use as would not unnecessarily imperil the lives and property of others also entitled to use the same. The finding that it had the right to use the track is very far from a finding that it had the right to strike the cars and engine of the other company as it did. The interrogatories failed to show the existence of any present, imminent danger, making it negligent for decedent to perform the duty in which he was engaged at the time of his death. *Pittsburg, etc., R. Co.* v. *Martin, supra.* It follows that the facts stated are not in irreconcilable conflict with the general verdict, and that appellant's motion for judgment was correctly overruled.

Among the grounds stated for a new trial are that the verdict is contrary to the evidence, is not sustained by sufficient evidence, and is contrary to law. It is claimed that there is an absence of evidence to establish that appellant

had no right to touch or move the detached cars standing east of those coupled to the engine. The jury found, in answer to interrogatories, that such right did not exist; giving as a reason for the finding that such cars were not, in fact, taken away by it. However that may be, there is room for inferring that appellant's employes had no right to strike cars attached to a "live" engine, with the brakes set, with sufficient force to drive them and the engine the distance named. Assuming that it had a right to move such detached cars and to take them off the "Y" track, it could only exercise such right in a reasonably careful manner. The usual and ordinary method of coupling cars can not be invoked to justify the manner in which the Indiana, Decatur & Western Railroad Company's engine was driven along the track and upon the decedent.

The rule by which decedent's conduct must be measured is as follows: "To require such an engineer to anticipate and provide against the possible or probable negligence of trainmen of other companies would be to deprive him of remedy for his injuries or drive him from his occupation. He has the right to go about his business, obeying the ordinances and rules established for the safety of all, on the assumption that others will do likewise; *and it is only when, on the particular occasion, he learns, or by the exercise of reasonable diligence under the circumstances might have learned, of the negligent conduct of others, then threatening, that he is required to exercise reasonable care to avoid injury.*" (Our italics.) *Pittsburgh, etc., R. Co. v. Martin, supra.* Whether decedent, in what he did, conformed to the requirements of the law, and used reasonable care under the circumstances, was a question for the jury. *Baltimore, etc., R. Co. v. Peterson, supra; Indianapolis, etc., R. Co. v. Carr,* 35 Ind. 510. To the extent that the verdict, finding for appellee, is supported by the evidence, it is conclusive. That decedent had no knowledge of actual impending danger is reasonably certain.

There is evidence tending to show that the engine and the four cars attached to it were disconnected from any other cars on the track; that appellant had no duty to perform with respect to it, or with the cut of four cars next east; that it had no right to touch or move the engine or cars attached; that brakes were set. The track was up grade to the west, so that the east cars were not likely to move towards the engine. Decedent was engaged in cleaning out the ash-pan of the engine in the only manner in which such work could be done. The rules of his employment required him to do this at the first opportunity. He was evidently absorbed in his work, and failed to discover the approaching train. *Cincinnati, etc., R. Co.* v. *Long,* 112 Ind. 166.

There was evidence to the effect that he knew the appellant's train was in the vicinity of the "Y" track; that on a preceding day he had been told by the engineer that he should not clean out the ash-pan on the "Y," because of the danger caused by one of appellant's trains. Rules of the Indiana, Decatur & Western Railroad Company were introduced, by which the duty of car inspectors to display signals when inspecting cars was prescribed. The rules were not applicable to the fireman, nor was notice of them brought home to him. *Indiana, etc., R. Co.* v. *Bundy,* 152 Ind. 590; *Louisville, etc., R. Co.* v. *Berkey,* 136 Ind. 181.

If, as a matter of law, decedent was negligent in failing to set out a flag or to station a watchman, it must be because of special conditions existing at the time, of which he had notice. We do not think such conditions are shown by the evidence. The element in the case that makes his conduct open to question is that he was lying down under a "live" engine. This is the basis of a very vigorous argument on the part of appellant's counsel, but the standard of reasonable care applicable when the act was done by one not in the railway service does not apply to an employe

who had no choice of methods. There never can be a time when it is not hazardous to assume such a position. That it possesses inherent hazard, irrespective of the surrounding circumstances, is no excuse for an employe refusing to do his duty. The question, then, was whether the circumstances existing at the time, not the circumstances that may have existed at some previous time, were such as to make the doing of the work by decedent negligent. The question was one for the jury. The facts involved were different from those in any case cited where contributory negligence has been held as a matter of law, in this: that there was no element of trespass in the decedent's presence on the track, and it did not require signals, watchman, or notice to charge appellant with the duty of using care for his protection. Appellant was guilty of negligence that the decedent was not called upon to anticipate, and it was bound to know that he might not be in position to guard himself therefrom.

Instruction number five given by the court stated the proposition that decedent was not required to anticipate the negligence of the employes of the appellant company. The objection urged to it is that it is not applicable to the evidence. The objection is not well taken.

Instruction number six was inartistically drawn. After stating that the burden of proving contributory negligence was on the defendant, the instruction proceeds: "And unless the defendant has proved, or it otherwise appears from all the evidence in the cause—by a preponderance of all the evidence—that the plaintiff's decedent was guilty of contributory negligence, your finding should be for the plaintiff upon this issue; that is, that the plaintiff's decedent was not guilty of contributory negligence." The law, admittedly, is that if, from a consideration of all the evidence, it appears that decedent was guilty of contributory negligence, there can be no recovery. A fair construction of the language used in the instruction gives it

this meaning. The jury were not limited to the consideration of defendant's evidence alone.

The objection to the seventh instruction is that it was not applicable to the evidence. In argument it is said: "There was no proof that appellant was negligent in the manner of backing its train upon this track, or in coupling the cars thereon, outside the theory of a few discharged railway men, imported from Indianapolis as experts," etc. In this statement the right of the jury to draw an inference of negligence from the undisputed facts is omitted. The argument sufficiently shows, however, that there was evidence to which the instruction was applicable.

Instruction number eight correctly left the question of contributory negligence to the jury.

The fourth instruction requested by the appellant, and refused by the court, made the question of appellant's negligence depend upon the knowledge of its employes that decedent was under the engine. That phase of the case has already been discussed. Had they known decedent was under the engine they would have been guilty, not of negligence, but of murder. The instruction was properly refused.

The fifth instruction asked by appellant took the question of contributory negligence from the jury, and was properly refused.

There was evidence to the effect that decedent boarded with his mother, and paid her $25 per month of his wages. She was sixty-four years old, with an expectancy of 14.74 years, and largely dependent upon him. The verdict is not regarded as excessive.

Judgment affirmed.