# The Cleveland, Cincinnati, Chicago and St. Louis Railway Company *v.* Rumsey.

[No. 7,804. Filed February 13, 1913.]

1. Pleading.—*Complaint.—Sufficiency.—Initial Attack on Appeal.* —A complaint is good as against attack made for the first time on appeal, if it is sufficient to bar another action on the same state of facts. p. 372.

2. Railroads. — *Crossing Accident. — Contributory Negligence. — Complaint.*—A complaint for personal injuries in a crossing accident, alleging that plaintiff approached the crossing with care and caution, and that before driving onto the tracks he stopped his horse and looked in both directions and listened for approaching trains, that he continued to look and listen as he drove onto the tracks, but neither saw nor heard a train approaching, that when plaintiff's vehicle was upon defendant's track, plaintiff was struck by defendant's train which was negligently run at a high and dangerous rate of speed and without giving any signal of its approach to the crossing, is not open to the objection that it affirmatively shows that plaintiff was guilty of contributory negligence. p. 373.

3. Railroads.—*Crossing Accident.—Verdict.—Answers to Interrogatories.*—Where the complaint, for injuries received at a railroad crossing, alleged that before driving onto the tracks plaintiff stopped his horse and looked and listened and that he continued to look and listen as he drove onto the tracks, but neither saw nor heard a train approaching, and that when plaintiff's vehicle was upon defendant's tracks, plaintiff was struck by defendant's train, which was being negligently operated at a dangerous rate of speed, and which approached without the sounding of whistle or ringing of bell, answers to interrogatories showing that plaintiff knew the crossing was dangerous, that plaintiff's hearing and sight were good, that he drove his horse under full control upon the north track, and before his horse had entered on the track farthest south, he saw the train approaching on such south track at a rapid rate of speed, and that he did not see

the train in time to have stopped the horse and avoid the colli-
sion, are not in irreconcilable conflict with a verdict for plaintiff,
as showing contributory negligence, since, under the issues, evi-
dence was admissible showing a state of facts on which it could
not be said that plaintiff was guilty of contributory negligence in
crossing in front of the train he saw approaching.  pp. 374, 376.

4.  TRIAL.—*Verdict.*—*Answers to Interrogatories.*—A general ver-
dict must stand, unless the answers to interrogatories are in such
irreconcilable conflict with it, as to be beyond the possibility of
removal by any evidence legitimately admissible under the issues.
p. 375.

5.  NEGLIGENCE.—*Questions of Law or Fact.*—*Different Inferences.*
—Negligence is not a matter of law, where different inferences
may be drawn from the facts.  p. 376.

6.  RAILROADS.—*Crossing Accident.*—*Contributory Negligence.*—*Re-
liance on Railroad's Performance of Duty.*—A person approach-
ing a crossing is not bound to anticipate and act on the theory
that the railroad company will be negligent, but he may assume
that it will obey the law.  p. 376.

7.  RAILROADS.—*Crossing Accident.*—*Contributory Negligence.*—It
is not necessarily contributory negligence in every case to cross a
track in front of a locomotive which one sees approaching rap-
idly.  p. 376.

From Boone Circuit Court; *Willett H. Parr*, Judge.

Action by George Z. Rumsey against The Cleveland, Cin-
cinnati, Chicago and St. Louis Railway Company.  From a
judgment for plaintiff, the defendant appeals.  *Affirmed.*

*Leonard J. Hackney, Frank L. Littleton, Samuel M. Ral-
ston* and *John W. Kern,* for appellant.

*Wymond J. Beckett* and *A. J. Shelby,* for appellee.

IBACH, C. J.—Appellee brought action against appellant
for damages for personal injuries, and recovered judgment
Appellant assigns as error that the complaint does not state
facts sufficient to constitute a cause of action, and that the
court erred in overruling appellant's motion for judgment
on answers to interrogatories.

A complaint, attacked for the first time on appeal.
is held good if sufficient to bar another action on the
same state of facts.  *Cleveland, etc., R. Co.* v. *Beard*
(1913), *ante,* 105, 100 N. E. 392, and cases cited.

The present complaint, in substance, alleges that appellant was on September 26, 1908, operating a railway across Liberty street, a public highway in the city of Indianapolis; that plaintiff on said day was riding in an open spring wagon, drawn by a gentle horse, and was driving south in said Liberty street, and that the buildings on either side of said street extended to within two or four feet of said railway; that at the point where said street crosses said tracks, the line of railway on which said defendant operates its said trains curves to the northwest around said buildings on the east side of said Liberty street; that plaintiff approached said railway crossing with care and caution, and before driving onto said tracks stopped his horse and looked and listened in both directions for approaching trains, and that he continued to look and listen for approaching trains as he drove onto said tracks, and that he did not hear or see defendant's train approaching said crossing from the east; that he drove onto said tracks with due care and caution, and with the exercise of reasonable care, looking and listening for trains at all times, but that when his said horse had passed onto said track on which defendant ran its said trains, and when his said vehicle in which he was riding was on said track, defendant negligently ran one of its locomotive engines attached to a passenger train against plaintiff's said horse and vehicle, and negligently overturned said vehicle, and threw plaintiff out of said vehicle onto the track and ground, and thereby negligently injured plaintiff without his fault. It is further averred that defendant negligently approached and ran onto said crossing with its passenger train from the east at a high and dangerous rate of speed, to wit, at the rate of from twenty to thirty miles per hour, and that it ran its locomotive at said high and dangerous rate of speed toward and onto said crossing and against plaintiff, as aforesaid, without giving any signal of its approach by whistle or bell, all in violation of an ordinance of the city of Indianapolis, which ordinance.

making it unlawful to run an engine at a speed greater than four miles an hour, or without ringing the bell, is set out in full in the complaint.

The only objection urged to the sufficiency of this complaint is that it affirmatively shows that appellee was guilty of contributory negligence. We do not think this objection has any merit. It is averred that plaintiff used due care and caution, that he stopped and looked and listened before he drove onto the track, and continued to look and listen as he drove onto the track, and that he did not hear or see the train approaching.

The jury found the following facts in answer to interrogatories. The plaintiff received physical injuries on September 26, 1908, by reason of one of defendant's engines attached to a passenger train running into a one-horse wagon which plaintiff was driving across railroad tracks in front of said engine at a point where said tracks cross Liberty street in the city of Indianapolis. This street ran north and south, and was crossed by four railroad tracks at or near the place where plaintiff was injured. The engine and passenger train which collided with plaintiff's wagon was running on the track farthest to the south, which was known as the west bound main track. The distance from the north rail of the track, on which plaintiff was injured, to the south rail of the track farthest north and nearest Washington street was about 30 feet. Plaintiff's place of business at the time of the injury was within a few hundred feet of the place where he was injured. He had frequently theretofore driven over the tracks at that point, and on said date was familiar with said crossing and with the buildings and structures adjacent to the same, and knew that engines, trains and cuts of cars frequently passed backward and forward over said crossing, knew that the crossing was a dangerous one, and that the crossing of said tracks with a vehicle was attended by danger. He was possessed

of good hearing and eyesight. On the date named he drove south from Washington street on Liberty street to the tracks before mentioned. He was driving a gentle horse attached to an open spring wagon about ten feet in length, and when he drove on the track where the collision occurred, his horse was under full control. After he had driven across the track farthest to the north, so that the rear of his wagon had cleared that track, the head of his horse was less than four or five feet from the track on which he was injured. After crossing the track farthest to the north, and before his horse had entered on the track farthest south, he saw the engine which collided with him approaching from the northeast, and observed that it was approaching at a rapid rate of speed. The engine had a lighted headlight on the front end, and the bell on the engine was ringing as it approached and collided with plaintiff. After seeing said engine and train approaching rapidly on the west bound main track, the plaintiff drove onto said track in front of said engine. If he had stopped his horse before entering on said west bound main track he would not have been injured by said engine. After he had cleared the north track with his horse and wagon, he did not see the train that collided with him in time to stop his horse and avoid the injuries complained of.

By the general verdict the jury found that appellant was guilty of negligence, and that appellee was not guilty of contributory negligence. By this verdict it found 4. that appellee was injured without his fault by reason of appellant running its trains through the city at the rate of twenty or thirty miles per hour, in violation of the ordinance of the city of Indianapolis which limits the rate of speed to four miles an hour. This general verdict must stand, unless the answers to interrogatories are in such irreconcilable conflict with it that it cannot be removed by any evidence legitimately admissible under the issues. *Har-*

*mon* v. *Foran* (1911), 48 Ind. App. 262, 94 N. E. 1050, 95 N. E. 597; *McCoy* v. *Kokomo R., etc., Co.* (1902), 158 Ind. 662, 64 N. E. 92.

Appellant claims that the answers which show that appellee saw the engine approaching at a rapid rate, and after seeing it, drove onto the track in front of it, show that he was guilty of contributory negligence. However, any apparent conflict between these answers and the general verdict is practically removed by the answer to the last interrogatory, in which the jury finds that he did not see the train in time to stop his horse before going on the track, and thus avoid the injuries complained of.

Negligence is not a matter of law where different inferences may be drawn from the fact. *City of Franklin* v. *Harter* (1891), 127 Ind. 446, 448, 26 N. E. 882; 5. *Cleveland, etc., R. Co.* v. *Harrington* (1892), 131 Ind. 426, 431, 30 N. E. 37; *Lowden* v. *Pennsylvania Co.* (1908), 41 Ind. App. 614, 619, 82 N. E. 941; *Greenawaldt* v. *Lake Shore, etc., R. Co.* (1905), 165 Ind. 219, 74 N. E. 1081.

Nor was appellee bound to anticipate appellant's negligence and act accordingly, and he was entitled to assume that appellant would obey the law, and these principles must be kept in mind in considering whether appellee was guilty of contributory negligence. 6. *Cleveland, etc., R. Co.* v. *Lynn* (1909), 171 Ind. 589, 594, 85 N. E. 999, 86 N. E. 1017, and cases cited; *Chicago, etc., R. Co.* v. *Stephenson* (1904), 33 Ind. App. 95, 104, 69 N. E. 270; *Indianapolis St. R. Co.* v. *Hoffman* (1907), 40 Ind. App. 508, 510, 82 N. E. 543.

It is not necessarily in every case contributory negligence to cross a track in front of a locomotive which one sees approaching rapidly. Evidence was admissible under the issues, and we have the right to presume that such evidence was introduced, to show that when appellee drove up to the north track and stopped and looked and listened for trains, a cut of cars

on the second track from the north was moving to the east, and he waited until that cut of cars had passed the crossing, and then looked and listened again for cars that might be on the other tracks west as well as east, and then attempted to pass over the crossing, and when he reached a point where he could see to the east, his horse was then very close to the track on which he was injured, and he then saw the train from 300 to 500 feet away, but at that time could not stop his horse before entering upon the track, or if he had stopped he would have been struck by the train which had just passed east and was backing to the west, so that he was caught between a train on the second track, backing to the west, and a train on the south track approaching the west, but at some distance, and it was a question what to do—stop his horse, if he could, and be run over by the backing train, or attempt to cross over in front of the train approaching at some distance, which he had a right to believe was not approaching so rapidly but that he could cross the track and be out of danger.   The very fact that he was familiar with the crossing might have led him to believe that as trains were not in the habit of passing it at a rate prohibited by law, this particular train or any other train would not do so. The evidence may have shown that because of other noises at the crossing he could not hear the bell.   It was not necessarily contributory negligence for him to attempt to get out of the way by passing over the track in front of the train on the south track, when he did not know how far away it was, nor how fast it was running.   And if it were in fact a choice between two dangers, as the evidence may have shown—between absolutely certain injury by the backing freight train and a reasonable chance to escape by passing over in front of the passenger train—it was for the jury to say whether, under the circumstances, he did what a man of ordinary prudence would have done.   The jury found that in attempting to pass over he did what a man of ordinary prudence would have done, and we cannot say as

a matter of law that it was wrong.   See *Lake Shore, etc., R. Co.* v. *Myers* (1912), *ante*, 59, 98 N. E. 654, 100 N. E. 213.

It is not found that plaintiff was in a place of safety when he first discovered the train which collided with him approaching from the northeast, and there is no finding that he could have remained in a place of safety at any time after he saw the engine approaching on the west bound track, but, on the contrary, the jury finds expressly that after appellee cleared the north track with his horse and wagon, he did not see the train which collided with him in time to stop his horse and avoid the injuries complained of. If he could not have stopped, he was not guilty of negligence for not stopping, and there is nothing in the answers to interrogatories to show that he was negligent prior to crossing the north track.   Having found no error, the judgment is affirmed.   Appellee having died since this appeal was taken, the cause is affirmed as of date of submission.

NOTE.—Reported in 100 N. E. 782.   See, also, under (1) 31 Cyc. 82; (2) 33 Cyc. 865; (3) 33 Cyc. 1142; (4) 38 Cyc. 1927; (5) 29 Cyc. 630; (6) 33 Cyc. 1027; (7) 33 Cyc. 1038.   As to contributory negligence in failing to be on lookout for approaching cars, see 51 Am. Rep. 360.   As to the question of contributory negligence being for the jury, see 8 Am. St. 849.   As to the duty of traveler on highways to use his eyes and ears to avoid danger on railroad crossings, see 90 Am. Dec. 780.   On the question of contributory negligence of trespassers or persons on railroad track generally, see 36 L. Ed. U. S. 1064.   As to care and precaution necessary in crossing a railroad track, see 24 L. Ed. U. S. 403.   For the duty of a traveler approaching railway crossing as to place and direction of observation, see 37 L. R. A. (N. S.) 136.   For a discussion of the right of a traveller to recover for injuries received in crossing a railroad track ahead of a train known to be approaching, see 21 Ann. Cas. 1171.