MARIETTA GLASS MANUFACTURING COMPANY v.
PRUITT.

[No. 21,933.    Filed June 27, 1913.    Rehearing denied November
19, 1913.]

1.  STATUTES.—*Certainty.*—*Factory Act.*—Sections 8021–8047 Burns
    1908, Acts 1899 p. 231, known as the factory act, are not uncon-
    stitutional and void for indefiniteness and uncertainty.   p. 436.

2.  MASTER AND SERVANT.—*Injuries to Servant.*—*Proximate Cause.*
    —*Complaint.*—A complaint in a servant's action for personal in-
    juries, alleging the facts surrounding the injury, and "that in
    consequence of defendant's negligence as aforesaid, and by rea-
    son of the unprotected and unsafe condition of defendant's said
    saw which was negligently maintained and provided by defend-
    ant as aforesaid, plaintiff's left arm came in contact with said
    saw," etc., sufficiently shows that defendant's negligence was the
    proximate cause, in the absence of an affirmative showing that it
    did not produce the injury.   p. 436.

3.  TRIAL.—*Verdict.*—*Answers to Interrogatories.*—A general
    verdict will not be defeated by isolated facts disclosed by an-
    swers to interrogatories unless they are so repugnant and con-
    tradictory to the general verdict that both cannot be true under
    any conceivable state of facts provable under the issues.   p. 437.

4.  MASTER AND SERVANT.—*Injuries to Servant.*—*Contributory
    Negligence.*—*Answers to Interrogatories.*—In an action by a
    servant for injuries received while adjusting a gauge on a rip-
    saw, answers of the jury to interrogatories showing that plain-
    tiff had authority to stop the saw at any time, that he knew
    how to stop and start it, that there was no reason why he
    should not have stopped it before adjusting the gauge, and
    that if he had done so the accident would not have occurred,
    and also showing that it was the usual custom in defendant's
    factory, and known to defendant, to adjust the gauge while
    the saw was running, that it was sometimes necessary to ad-
    just it two or three times while ripping a single board, and that
    the lever for stopping the saw was about fourteen feet from
    the machine itself, do not show as a matter of law that plain-
    tiff was guilty of contributory negligence.   p. 437.

5.  MASTER AND SERVANT. — *Injuries to Servant.* — *Proximate
    Cause.*—*Unguarded Machinery.*—*Concurring Act of Fellow Serv-
    ant.*—Where the master's failure to guard a saw concurred di-
    rectly with the act of a coemploye in producing the injury, it
    will be deemed that the master's negligence was a proximate
    cause.   p. 438.

Marietta Glass Mfg. Co. *v.* Pruitt—180 Ind. 434.

6.  MASTER AND SERVANT.—*Injuries to Servant.—Trial.—Answers to . Interrogatories.—Construction.*—In an action by a servant for injuries sustained while adjusting a gauge on a ripsaw, a special finding that "if a guard had been over the saw plaintiff's wrist could have slipped under the end of the guard and against the saw in such a manner as to have caused the injury to plaintiff's wrist," is not a finding that the accident would have happened in spite of a guard. p. 438.

7.  MASTER AND SERVANT.—*Injuries to Servant.—Answers to Interrogatories.—Conclusion.*—Where the jury, in an action for injuries to a servant while adjusting the gauge on a ripsaw, found that it would have been practicable to guard the saw, and that the master's failure to guard the saw was the proximate cause of the injury, the finding of the jury, in answer to an interrogatory, that it was "purely accidental" will be disregarded as being merely a conclusion. p. 439.

8.  APPEAL.—*Review.—Evidence.—Verdict.*—Where the evidence is conflicting, the verdict of the jury based thereon is conclusive as to its sufficiency. p. 439.

9.  MASTER AND SERVANT.—*Injuries to Servant.—Instructions.*—In a servant's action against the master for personal injuries, an instruction that the law devolves upon the plaintiff the duty and burden of making out his case as alleged by a fair preponderance of the evidence, and that the burden is then on defendant to show by a fair preponderance of the evidence, unless the same should appear from all the evidence in the case, that plaintiff was guilty of contributory negligence, is not open to the objection that it denied to defendant the right to a consideration of plaintiff's evidence in determining the question of contributory negligence. p. 439.

10. APPEAL.—*Review.—Instructions.—Incomplete Instructions.*—The fact that some of the instructions given were incomplete is not cause for a reversal where the omissions were supplied in other instructions. p. 440.

11. APPEAL.—*Review.—Refusal of Instructions.*—The refusal of instructions that are confusing and misleading, and that invade the province of the jury, is not error. p. 440.

12. APPEAL.—*Review.—Questions Reviewable.—Objections to Evidence.*—An objection to questions put to a witness, that "it is wholly immaterial," is insufficient to present any question on appeal. p. 441.

From Johnson Circuit Court; *Wm. E. Deupree,* Judge.

Action by John A. Pruitt against the Marietta Glass Manufacturing Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Elmer E. Stevenson, Roemler & Chamberlin* and *E. A. McAlpin,* for appellant.

*W. E. Jeffrey, L. E. Slack* and *Remy & Berryhill,* for appellee.

SPENCER, C. J.—Action by appellee to recover damages for personal injuries received by him while at work in appellant's factory. A trial by jury resulted in a verdict for appellee, and from a judgment rendered thereon this appeal is taken.

Appellant's first and second assignments of error challenge the action of the trial court in overruling the demurrers to each paragraph of appellee's complaint. Under these assignments appellant presents two propositions: (1) that the so-called factory act (Acts 1899 p. 231, §§8021-8047 Burns 1908), under which this action is prosecuted, is unconstitutional and void for indefiniteness and uncertainty, and (2) that neither paragraph of the complaint alleges facts which show that the failure of appellant to comply with such statute was the proximate cause of the injury.

The precise question involved in the first of these propositions was decided against appellant's contention here in the case of *Jeffersonville Mfg. Co.* v. *Holden* (1913), *ante* 301, 102 N. E. 21, and we see no reason to depart from the holding in that case.

For a determination of the second proposition no good purpose can be served by setting out even the substance of the pleading. Each paragraph, after alleging the facts surrounding the injury complained of, proceeds as follows: "that in consequence of defendant's negligence as aforesaid, and by reason of the unprotected and unsafe condition of defendant's said saw, which was negligently maintained and provided by defendant as aforesaid, plaintiff's left arm came in contact with said saw," etc. In the absence of an affirmative showing that the negligence charged did not produce the injury, such an averment is sufficient to show proximate cause. *Baltimore, etc., R. Co.* v.

*Peterson* (1900), 156 Ind. 364, 372, 59 N. E. 1044; *Louis ville, etc., R. Co.* v. *Bates* (1897), 146 Ind. 564, 566, 45 N. E. 108; *Chicago, etc., R. Co.* v. *Stephenson* (1904), 33 Ind. App. 95, 99, 69 N. E. 270.

It is next contended that the court erred in overruling appellant's motion for judgment in its favor on the answers of the jury to the interrogatories submitted. Appellant insists that these answers show that appellee voluntarily chose the more dangerous of two ways to do the work in which he was engaged at the time of the injury and that he is therefore guilty of contributory negligence as a matter of law. It is the rule that "a general verdict will not be defeated by isolated facts disclosed by answers to interrogatories, unless such facts are shown to be so repugnant and contradictory to the general verdict that both can not be true under any conceivable state of facts provable under the issues." *Jeffersonville Mfg. Co.* v. *Holden, supra.* See also, *Indiana R. Co.* v. *Maurer* (1903), 160 Ind. 25, 25 N. E. 156; *Southern Ind. R. Co.* v. *Peyton* (1902), 157 Ind. 690, 61 N. E. 722.

At the time of his injury appellee was engaged in adjusting a gauge on a ripsaw in appellant's factory. The gauge had stuck and appellee was pushing against it with his left hand, when a fellow servant, to assist him, struck the gauge with a piece of timber. This piece of timber came in contact with the saw, which was in motion, and was thrown with great force against appellee's face, crushing his lower jaw and causing him to throw out his left arm so that it came in contact with the saw and was cut off. Some of the interrogatories show that appellee had the authority to stop and start the saw whenever he wished to do so; that he knew how to stop and start it; that stopping the saw did not affect the work on other machines in appellant's factory nor was there any other reason why the saw should not have been stopped by appellee before adjusting the gauge; that appellee, on other occasions, had adjusted

the gauge when the saw was not in operation; and that the accident would not have happened if appellee had stopped the saw on this occasion.    But the jury also found that at the time appellee received his injuries it was the usual custom in appellant's factory to move the gauge on the ripsaw while the saw was running; that this custom was known to appellant; that it was sometimes necessary to move the gauge two or three times in ripping a single board; that the lever by which the power was turned off from the saw was situated about fourteen feet from the machine itself; that appellee did not ask Fender, the fellow workman, to assist him in adjusting the gauge, and did not know that Fender had attempted to assist him until he was told so after the accident.    These answers do not show, as a matter of law, that appellee was guilty of contributory negligence, but make that issue one of fact to be determined by the jury.

Appellant also asserts that the proximate cause of the injury was not the failure to guard the saw, but was "either the negligent act of the appellee himself or the act of an intervening responsible human agent, acting voluntarily and independently in handling the board in moving the guide." While it is true that the act of Fender in attempting to assist appellee was one cause of the accident, yet appellant's negligence in failing to guard the saw concurred directly in producing the injury and will be regarded as a proximate cause thereof.    *Bessler* v. *Laughlin* (1907), 168 Ind. 38, 41, 79 N. E. 1033; *Louisville, etc., R. Co.* v. *Heck* (1898), 151 Ind. 292, 302, 50 N. E. 988; *Rogers* v. *Leyden* (1890), 127 Ind. 50, 53, 26 N. E. 210; *Cook* v. *Ormsby* (1910), 45 Ind. App. 352, 355, 89 N. E. 525.

In this connection it may be said that the jury's finding that "if a guard had been over the saw plaintiff's wrist could have slipped under the end of the guard and against the saw in such a manner as to have caused the injury to plaintiff's wrist," is not a finding that the accident would have happened in spite of a guard.

In answer to interrogatory number 90 the jury stated that the injury to appellee was "purely accidental." There are cases in which it is clear that no blame can attach to any one for the accident which results in an injury to the plaintiff, and in such cases a finding that such injury is the result of a pure accident is sufficient to preclude a recovery. In this case, however, the jury found that it would have been practicable to guard the saw and as appellant's failure to do so was negligence proximately contributing to the injury, it cannot be said that blame therefor can attach to no one. The finding of the jury is, under the circumstances of this case, merely a conclusion and not a finding of fact within the meaning of the statute. §572 Burns 1908, Acts 1897 p. 128; *Board, etc.* v. *Bonebrake* (1896), 146 Ind. 311, 317, 45 N. E. 470; *Ohio, etc., R. Co.* v. *Stansberry* (1892), 132 Ind. 533, 535, 32 N. E. 218; *Nave* v. *Flack* (1883), 90 Ind. 205, 210, 46 Am. Rep. 205; *Toledo, etc., R. Co.* v. *Goddard* (1865), 25 Ind. 185, 191.

The first ground of appellant's motion for a new trial is that the verdict of the jury is not sustained by sufficient evidence. The substance of appellant's contention is that the evidence shows appellee to have been guilty of contributory negligence in choosing the more dangerous way in which to adjust the gauge. As we have observed above, that issue was, under the facts of this case, a question for the jury, and its verdict thereon is conclusive. This is particularly true in view of the fact that the evidence on several material points is in sharp conflict.

Appellant next contends that the trial court erred in giving certain instructions on its own motion. We have examined the objections made and conclude that they are not well taken. The character of these objections is fairly illustrated by that which is urged against instruction No. 16. The instruction is as follows: "The law devolves upon the plaintiff the duty and burden of making out his case as alleged and showing his right to recovery by

a fair preponderance of the evidence. When he has done this the burden is then on the defendant to show by a fair preponderance of the evidence, unless the same should appear from all the evidence in the case, that the plaintiff at the time did not act as a person of ordinary prudence and caution would have acted, under similar circumstances, or was in a place or position where an ordinarily prudent or cautious person would not have been, before plaintiff can be denied a recovery." Appellant asserts that this instruction "practically denied to the appellant the right to a consideration of appellee's evidence by the jury in determining whether or not the appellee was guilty of contributory negligence." A casual reading of this instruction is sufficient to point out the fallacy of such argument for the phrase "all the evidence in the case" is clearly inclusive of appellee's evidence.

Some of the instructions were incomplete, but the omission in each case was supplied in other instructions given. This is sufficient to prevent a reversal of the judgment on 10. account of an omission from any particular instruction, particularly in view of the seventh instruction given by the court on its own motion. The court therein told the jury that in reaching a verdict, it should look to the evidence for the facts and to the instructions for the law of the case, and concluded as follows: "In construing any single instruction, you must consider it in connection with all the other instructions given you and construe them in harmony with each other."

Error is also urged in the refusal of the court to give each of instructions Nos. 5, 16, 17, 18, 21 and 27 tendered by appellant. In each of instructions Nos. 16, 17 and 18 11. appellant sets out at great length a series of particular facts and circumstances leading up to and surrounding an injury such as in the case at bar and then charges that if appellee was injured in the manner indicated, he would not be entitled to recover. As these instructions

are confusing and misleading and also invade the province of the jury, their refusal was not error.    The other instructions were, in substance, covered by those given by the court, which fully and fairly stated the law of the case.

During the cross-examination of Arthur Butler, one of the officers of appellant, the witness was asked: "How much were you being paid?"    Appellant's only objection to the question was that "it is wholly immaterial."

That is not sufficient to present any question here. *Musser* v. *State* (1901), 157 Ind. 423, 431, 61 N. E. 1, and authorities there cited; *Miller* v. *Dill* (1898), 149 Ind. 326, 332, 49 N. E. 272.

Three other questions are presented as to rulings of the trial court in the admission and exclusion of evidence, but the rulings contain no error.    In two instances the court specifically instructed the jury to consider the admitted evidence only as to its bearing on certain designated matters which were properly at issue, while in the third instance the court refused appellant's offer of testimony on a matter not in issue.

It is apparent from an examination of the record that the cause was fairly tried below and that a correct result was reached.    The judgment is therefore affirmed.

NOTE.—Reported in 102 N. E. 369. See, also, under (1) 36 Cyc. 969; (2) 26 Cyc. 1389; (3) 38 Cyc. 1929; (4) 26 Cyc. 1513, 1515; (5) 26 Cyc. 1302; (7) 26 Cyc. 1513; 38 Cyc. 1922; (8) 3 Cyc. 348; (9) 26 Cyc. 1495; (10) 38 Cyc. 1784; (11) 38 Cyc. 1602; (12) 38 Cyc. 1378, 1387. As to liability of employer to employe for defective machinery and appliances, see 77 Am. Dec. 218; 98 Am. St. 289. As to employe's right of action for employer's violation of statutory duty as to guards about machinery, see 9 L. R. A. (N. S.) 381. On the question of negligence of a fellow servant concurring with failure of the master to establish or enforce proper rules or regulations for conduct of business, see 4 L. R. A. (N. S.) 516. As to the liability of a master to his servant for injuries by a saw, operated by machinery, see Ann. Cas. 1913 C 125.